## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POM OF PENNSYLVANIA, LLC., | : | Civil No. 1:23-CV-00579 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BMM TESTLABS, *et al*., | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### CIVIL PRACTICE ORDER

The practice and procedure in the above-captioned civil case shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Pennsylvania, except as modified by this order and other orders of this court.

Counsel and self-represented parties are responsible for reading this order thoroughly upon receipt, and for reviewing this order as the case proceeds. The court will not consider any submission filed after the deadlines established in this Order or, in the absence of a court order, the Federal Rules of Civil Procedure, or the Local Rules of the Middle District of Pennsylvania, unless counsel includes a written explanation for the lateness along with the late submission and the court concludes that the lateness was substantially justified or unavoidable.

1

## **GENERAL**

1.      Counsel are encouraged to consent to the disposition of this case by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2.      The Local Rules were most recently revised effective December 1, 2014.  A copy of the current Local Rules may be obtained from the Clerk of the Court or on the court's website:  http://www.pamd.uscourts.gov.

3.      Any self-represented party shall have all the duties which would normally be placed upon his or her counsel by the Local Rules, this order, and other orders of this court.

4.      Motions for counsel fees and expenses shall be based upon time and expense records concurrently kept.

5.      All written correspondence to the court shall be docketed via CM/ECF.

6.      Counsel shall not copy the court on correspondence between counsel unless specifically invited to do so by the court.

7.      If not already done, counsel shall file the required disclosure statement pursuant to Federal Rule of Civil Procedure 7.1.

## **DISCOVERY**

8.      Counsel and parties shall not mutually agree to extend any time periods established by the court's case management order, the Local Rules, or the Federal

Rules of Civil Procedure without the approval of the court.  Requests for extension of time must comply with Local Rule 7.5.

9.    Motions for continuance of the deadlines established by the case management order for this case must track the deadlines that correspond with each trial listing as stated in the court's Case Management Calendar.  This calendar is attached to the order scheduling the case management conference and is also available under Judge Wilson's preferences on the Middle District's website.

10.    In the event that discovery-related disputes arise, counsel is directed to confer with one another to attempt to resolve the dispute without court intervention.  In the event that such action does not resolve the dispute, counsel is directed to file a letter, limited to 3-pages, single-spaced, via CM/ECF explaining the nature of the dispute and stating whether and when counsel conferred in an effort to resolve the dispute.  Counsel may submit the letter jointly, but if the letter is not submitted jointly, then the court will allow three business days for opposing counsel to file a letter either responding to the original letter or requesting additional time to respond.  The court will then respond by either scheduling a telephone conference, referring the dispute to a Magistrate Judge, or taking other appropriate action.  Prior to filing a motion to compel or any other type of discovery-related motion, the moving party must utilize this procedure and request leave of court.

3

11.    The final deadline to file a discovery dispute shall be six (6) weeks prior to the fact discovery deadline.

## MOTIONS

12.    All requests for court action on a pending matter other than discovery disputes shall be presented by motion complying with the Middle District of Pennsylvania Local Rules.

13.    Supporting briefs must be filed simultaneously with dispositive motions and motions in limine.

14.    Briefs in support, in opposition, and in reply to summary judgment may be up to fifteen pages in length.  Briefs exceeding this page limitation will not be accepted, absent prior leave of court.

15.    In multiple-defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall file joint motions and briefs to the extent possible.  Those parties needing to brief separate issues may do so by filing separate briefs.

16.    Motions to exclude expert testimony that require a *Daubert* hearing shall be filed no later than thirty days from receipt of the expert report.

17.    Courtesy copies are not required, and should not be delivered to chambers.

18.    Counsel should direct questions concerning voluminous filings to Deputy Clerk Victoria Edleblute at (717) 221-3974.

19.    When filing a proposed order with a motion, include a heading as "Order" rather than "Proposed Order" or "[Proposed] Order."  The court is advised of the "proposed" status of a party's order by virtue of CM/ECF functions.

20.    The court encourages counsel to submit confidentiality agreements and protective order by stipulation.  Any such stipulation must provide a separate signature line for the court's approval.

21.    When filing a motion to seal a document, counsel will be expected to address the standard set forth in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019), and the proposed order must specify why sealing that filing is appropriate under *In re Avandia*.  Motions to seal that do not adequately address the *In re Avandia* standard will be denied.

## **SETTLEMENT**

22.    Several forms of alternative dispute resolution are available to the parties through the court.  *See* Local Rules Chapter VI.  The dispute may be referred to mediation through the court-annexed mediation program.  *See* Local Rule 16.8.  More information about that program and a list of certified mediators is available on the court's website.  The assistance of a United States Magistrate Judge, other judicial officer, or neutral evaluator may be requested for the purpose of conducting a settlement conference through the court's settlement officer program.  *See* Local Rule 16.9.  The parties may agree to participate in a summary jury trial.

In limited cases, the court itself may be available to conduct a settlement conference.  Should the parties jointly agree to utilize any of these options, they shall notify the court by letter filed via CM/ECF no later than the date of the pretrial conference, or at any time earlier.

23.     Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the courthouse where trial is scheduled is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance is not required.  Notice to the Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial is to start shall be adequate for such purpose.  Any party may apply to the court for a different assessment of such costs or relief therefrom.

24.     Whenever any civil action is settled after the pre-trial conference or during the trial, the parties shall notify the court by e-mail to Chambers at Judge_Wilson@pamd.uscourts.gov.  The notice shall be emailed on the same-day the settlement is reached.

## **PRETRIAL PROCEDURES**

25.     Lead counsel who expect to try the case must be physically present at the pretrial conference, unless prior court approval is received for a telephonic appearance.

26.    Each party is required to file a pretrial memorandum in conformity with the Local Rules and by the deadline established in the case management order.  Failure to timely file a pretrial memorandum may result in an appropriate sanction pursuant to Federal Rule of Civil Procedure 16(f).  A form pretrial memorandum is available on the court's website:  http://www.pamd.uscourts.gov.  The parties shall **not** file a trial brief pursuant to Local Rule 39.7, because the court prefers a pretrial memorandum.

27.    Prior to the submission of pretrial memoranda, counsel for the parties shall hold the attorney's conference required by Local Rule 16.3.  Failure by Plaintiff to initiate the holding of the conference, or by Defendant to respond in an appropriate manner, may result in the imposition of sanctions.

28.    Counsel shall pre-mark exhibits "P1," "D1," etc.  Multi-paged exhibits shall bear page numbers for quick reference in court.  Insofar as practicable, counsel shall number a party's exhibits in a similar location on each exhibit.  The list of exhibits shall be on a copy of the Clerk's exhibit list, which will be found on the court's website:  http://www.pamd.uscourts.gov.  Exhibit lists shall be filed via CM/ECF no later than three business days prior to the pretrial conference.

29.    If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the start of trial.  If there are unresolved objections, then counsel shall submit the objections and relevant deposition

transcripts to the court no less than ten business days prior to the start of trial.  If the depositions to be presented at trial are in a video format, then a transcript of such deposition must be provided to the court in advance of trial.

30.    If the case will be tried to a jury, counsel shall agree upon and jointly submit the briefest possible statement of facts to be read to the prospective jurors at voir dire to determine whether they have any knowledge of or interest in the case.  The voir dire statement of facts shall be filed via CM/ECF by the same deadline established for proposed voir dire questions in the case management order.

31.    Voir dire in civil cases will be conducted by the court.  Each party is limited to ten proposed questions, which must be submitted by the deadline established in the case management order.

32.    If the case or any subsidiary aspect thereof is to be tried to the court without a jury, counsel shall attempt in good faith to agree upon a comprehensive written statement of all undisputed facts.  The statement shall be divided into serially numbered paragraphs with only one fact recited in each paragraph.

33.    Each party shall submit a proposed verdict form, which must be submitted by the deadline established in the case management order.

## **TRIAL PROCEDURES**

34.    Unless otherwise stipulated by the parties, the jury will consist of eight jurors, each of whom will deliberate, but will proceed with as few as six jurors.

35.    Unless otherwise stipulated by the parties, the jurors will be required to deliver a unanimous verdict.

36.    During voir dire, each party is entitled to three peremptory challenges.

37.    If the parties agree to any stipulations, such stipulations are to be prepared in writing and filed via CM/ECF in advance of trial, and then read to the jury by counsel or the court at an appropriate time during the trial.

38.    If any special audio or visual aids or equipment will be used at trial, the aids or equipment must be set up in the courtroom prior to the start of trial in the morning, or during the lunch break, depending on when the aids or equipment will be used.

39.    Prior to the commencement of trial, counsel shall submit two complete sets of exhibits (paper copies) in addition to a complete set of exhibits in digital format on a USB flash drive.  The digital copies of exhibits shall be named in conformity with the "Exhibit Formatting Instructions for Batch Importing" available on the court's website at http://www.pamd.uscourts.gov/jers

40.    Counsel are strongly encouraged to utilize the Jury Evidence Recording System ("JERS") for the presentation of admitted exhibits to the jury during deliberations.  In order to utilize JERS, counsel must submit a properly formatted USB flash drive with the complete set of admitted exhibits to Deputy Clerk Victoria Edleblute no less than one business day prior closing arguments.

41.     For all questions concerning the use of courtroom technology and the JERS

system, please contact Deputy Clerk Victoria Edleblute at (717) 221-3974.

42.     The original exhibits that are admitted into evidence at trial will be returned

to counsel, and counsel will be responsible for maintaining custody of their

exhibits after the conclusion of trial.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania
