Matthew H. Haverstick, Esq.
Eric J. Schreiner, Esq.
Edward T. Butkovitz, Esq.
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Phone: (215) 568-2000
Fax: (215) 568-0140
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
ebutkovitz@kleinbard.com
*Attorneys for Plaintiff*

William P. Rubley, Esq.
Trevor R. Waldron, Esq.
COOPER LEVENSON, P.A.
1415 Marlton Pike East
Cherry Hill Plaza, Suite 205
Cherry Hill, NJ 08034
Phone: (856) 795-9110
Fax: (856) 795-8641
wrubley@cooperlevenson.com
twaldron@cooperlevenson.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, | ) CASE NO. 1:23-CV-00579 |
| | ) |
| Plaintiff, | ) |
| | ) |
| BMM NORTH AMERICA, INC. | ) |
| and PETER NIKIPER, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) JUDGE JENNIFER P. |
| | ) WILSON |
| | ) |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet and confer requirements set forth

in the LOCAL RULES, or with any orders specifically modifying their

application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

## 1.    Principal Issues

1.1    Separately for each party, please give a statement summarizing this case:

By plaintiff:

Plaintiff POM of Pennsylvania, LLC ("POM") distributes legal, electronic games of skill marketed with the trade name "Pennsylvania Skill" (the "Skill Game") in Pennsylvania. Defendant BMM North America, Inc. ("BMM") BMM is a gaming testing laboratory and Defendant Peter ("Nikiper") is BMM's Director of Technical Compliance. BMM and Nikiper served as the expert for the Commonwealth of Pennsylvania in a state court return of property proceeding involving Skill Games confiscated by The Bureau of Liquor Control Enforcement (the "BLCE"). *See In re Three Pennsylvania Skill Amusement Devices*, No. 2022-CV-6333 (C.P. Dauphin). Nikiper analyzed the subject Skill Games, submitted an expert report concerning them and testified at an evidentiary hearing on November 22, 2022 in the return of property proceeding. Nikiper's expert report

and testimony demonstrated that he and BMM improperly and without any consent accessed POM's and Pace-O-Matic, Inc.'s (POM's parent) confidential and highly proprietary business information. BMM and Nikiper did this by forcibly opening the secure game cabinets, accessing and examining their internal components and software, and imaging certain components. Based on this conduct, POM brought claims against BMM and Nikiper for: (i) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"); (ii) misappropriation and misuse of confidential business information; and (iii) violation of the Pennsylvania Consumer Protection Against Computer Spyware Act, 73 P.S. §§ 2330.1, *et seq.* (the "Spyware Act").

By defendants:

Defendants maintain that the claims of the Plaintiff are frivolous and were filed solely for the purposes of attempting to improperly influence the Defendants' opinion and reports in other litigation involving POM and certain state actors. All of Defendants' conduct, opinions, and testimony offered in the other litigation on behalf of the Commonwealth of Pennsylvania constitute protected activity under the expert witness immunity doctrine and the law enforcement exception to

the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(f).

     1.2    The facts the parties <u>dispute</u> are as follows:

The manner in which BMM and Nikiper used or disclosed POM's confidential and proprietary business information. Other relevant facts not agreed upon below.

     <u>agree</u> upon are as follows:

The events that transpired in the state court return of property proceeding. Nikiper's conduct related to examining the Skill Games in connection with the state court return of property proceeding, as he testified to in that proceeding.

     1.3    The legal issues the parties <u>dispute</u> are as follows:
(1) The scope and application of the witness immunity doctrine;

(2) The scope and application of the law enforcement exception under the CFAA, 18 U.S.C. § 1030(f);

(3) Whether POM can establish a claim for violation of the CFAA;

(4) Whether POM can establish a claim for misappropriation and misuse of confidential business information; and

(5) Whether POM can establish a claim for violation of the Spyware Act.

     <u>agree</u> upon are as follows:

4

None.

1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5   Identify any named parties that have not yet been served:

None.

1.6   Identify any additional parties that:

plaintiff(s) intends to join:  None.

defendant(s) intends to join: Defendants may seek to add the Commonwealth of Pennsylvania or any other state actors for indemnification purposes.

1.7   Identify any additional claims that:

plaintiff(s) intends to add: None at this time.

defendant(s) intends to add: None at this time.

## 2.   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

<u>Name</u>                                        <u>Title/Position</u>

See initial disclosures to be
made.

Disclosed by Defendants:

<u>Name</u>                                        <u>Title/Position</u>

See initial disclosures to be
made.

**3.    Early Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Dismiss | Defendants | Pending before Court |

**4.    Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None.

By defendant(s): None.

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed

6

through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties agree that they will take typical discovery, including depositions of the parties' employees and corporate designees to develop facts to support their claims or defenses and document discovery of relevant communications and materials related to BMM's role as the Commonwealth's expert in the state return of property proceeding. POM intends to depose Nikiper and other BMM employees concerning their roles in examining the Skill Games and their handling of POM's confidential and proprietary business information. Defendants intend to depose POM representatives concerning the allegations in the Complaint.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Undetermined at this point, but see section 4.4.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

POM will object to any discovery that attempts to obtain its

7

confidential and proprietary software and/or source code for the Skill

Games and requests a limitation prohibiting discovery of this subject

matter.

Defendants will object to any discovery that seeks attorney work

product or any other privileged information related to BMM serving as

an expert witness, including but not limited to any analysis and

examinations of the machines and testimony, and requests a limitation

prohibiting discovery of this subject matter.

4.5  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1  depositions (excluding experts) to be taken by:

| plaintiff(s): | defendant(s): |
|---|---|
| No more than 10. | No more than 10. |

4.5.2  interrogatories to be served by:

| plaintiff(s): | defendant(s): |
|---|---|
| 25 | 25 |

4.5.3  document production requests to be served by:

plaintiff(s):                          defendant(s):
50                                     50

4.5.4  requests for admission to be served by:

plaintiff(s):                          defendant(s):
25                                     25

4.6  Discovery of Electronically Stored Information

☒Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.  Protective Order

5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

The parties do not currently seek the entry of a protective order. If any party seeks to designate materials in discovery as confidential as this case proceeds, the parties propose that at that time the party seeking to designate materials as confidential would seek approval of

9

the Court by motion for this designation.

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

See response to Section 5.1.

## 6. Scheduling

    6.1    Final date for joining additional parties:

        Plaintiff: February 28, 2024

        Defendants: February 28, 2024

    6.2    Final date for amending pleadings:

        Plaintiff: February 28, 2024

        Defendants: February 28, 2024

    6.3    All fact discovery commenced in time to be completed by:

4/30/24

    6.4    All potentially dispositive motions should be filed by:

5/31/24

    6.5    Reports from retained experts due:

from plaintiff by 5/31/24 (affirmative reports); 7/5/24

(responsive expert reports)

from defendants by 5/31/24 (affirmative reports); 7/5/24

(responsive expert reports)

10

6.6   Supplementations due 7/19/24

6.7   All expert discovery commenced in time to be completed by 8/16/24

6.8   This case may be appropriate for trial in approximately:

19 months from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference:

10/16/24

6.10  Trial

6.10.1  Suggested Date for Trial:

November 2024

**7.   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Matthew H. Haverstick
Lead counsel for Plaintiff
Kleinbard LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

William P. Rubley, Esquire
Lead counsel for Defendants
Cooper Levenson, PA
1415 Marlton Pike East
Cherry Hill Plaza, Suite 205
Cherry Hill, NJ 08034
(856) 857-5520

**8.    Alternative Dispute Resolution ("ADR")**

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: The parties agree that mediation or a settlement conference may be useful after they have conducted some discovery.

Date ADR to be commenced: See above.

Date ADR to be completed: See above.

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: N/A

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: N/A

**9.    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:        _ Y  _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton/Wilkes-Barre

_____ Harrisburg
_____ Williamsport

## 10.   Other Matters

None.

## 11.   Identification of Counsel

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Dated: 9/18/23          /s/ Matthew H. Haverstick
                        Matthew H. Haverstick, Esq.
                        KLEINBARD LLC
                        Three Logan Square, 5th Floor
                        1717 Arch Street
                        Philadelphia, PA 19103
                        Phone: (215) 568-2000
                        Attorney for Plaintiff

☒   ECF User(s)
☐   Waiver requested (as separate document)
☒   Fed.R.Civ.P.7.1 (statement filed if necessary)

Dated: 9/18/23          /s/ William P. Rubley
                        William P. Rubley, Esq.
                        COOPER LEVENSON, P.A.
                        1415 Marlton Pike East
                        Cherry Hill Plaza, Suite 205
                        Cherry Hill, NJ 08034

                        Attorney for Defendants

13

☒    ECF User(s)
☐    Waiver requested (as separate document)
☒    Fed.R.Civ.P.7.1 (statement filed if necessary)