BMM TEST LABS; TRAVIS FOLEY; and
PETER NIKIPER,

               Plaintiffs

     v.

PACE-O-MATIC, INC. and POM OF
PENNSYLVANIA, LLC,

               Defendants

: IN THE COURT OF COMMON PLEAS,
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
:
:
: NO. 2023-CV-01713
:
:
:
:
:
: CIVIL ACTION - LAW

## <u>MEMORANDUM OPINION</u>

Presently pending before this Court are the preliminary objections filed by Defendants to Plaintiffs' Complaint. The background of this case is as follows: BMM Test Labs, Travis Foley and Peter Nikiper (hereinafter "the BMM Plaintiffs") are in the business of providing testing, regulatory consultancy, and field services to gaming operators regarding gaming regulatory compliance. Pace-O-Matic, Inc. and POM of Pennsylvania, LLC (hereinafter "the POM Defendants") are in the business of designing, licensing, and distributing software for the Pennsylvania Skill Amusement Devices (hereinafter "POM Machines").

The POM Machines are the subject of at least two Pennsylvania Commonwealth Court cases as well as several matters in the Dauphin County Court of Common Pleas. Specifically, the Commonwealth has seized several POM Machines from various establishments and sought to have them deemed as illegal gambling machines. The POM Defendants have filed various Petitions wherein they sought a determination that the POM Machines are not illegal gambling machines but are instead predominantly skill games. The BMM Plaintiffs were retained

1

by the Commonwealth of Pennsylvania as expert witnesses in at least one of the POM Machine cases that was pending in the Dauphin County Court of Common Pleas.

On November 8, 2022, the POM Defendants filed a Praecipe for Writ of Summons against the BMM Plaintiffs in the Dauphin County Court of Common Pleas, docketed at 2022-CV-8562 (hereinafter "the Underlying Action"). On December 22, 2022, the BMM Plaintiffs filed a Praecipe for Rule to File Complaint. The POM Defendants filed a Praecipe to Discontinue Without Prejudice on February 6, 2023. On February 9, 2023, Defendants filed a Praecipe for Judgment *non pros* for failure to file a Complaint, but this was filed after the Underlying Action was marked as discontinued.

Thereafter, on March 9, 2023, the BMM Plaintiffs filed a Complaint against the POM Defendants alleging one cause of action for wrongful use of civil proceedings under the Dragonetti Act, 42 Pa. C.S. §8851-54 for initiating the Underlying Action. Defendants filed Preliminary Objections to Plaintiffs' Complaint, and Plaintiffs filed a response. We heard oral argument on August 21, 2023, and the matter is now ripe for decision.

The BMM Plaintiffs' only claims are that the POM Defendants violated the Dragonetti Act in initiating the Underlying Action. The Dragonetti Act states as follows:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings: (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a). Additionally, the Plaintiff has the burden of alleging and proving the following:

> (1) The defendant has procured, initiated or continued the civil proceedings against him. (2) The proceedings were terminated in his favor. (3) The defendant did not have probable cause for his action. (4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based. (5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa.C.S.A. § 8354.

In the instant matter, the POM Defendants argue that Plaintiffs cannot state a claim for violation of the Dragonetti Act based on the allegations in the Complaint. In ruling on a preliminary objection in the nature of a demurrer, "[a]ll material facts set forth in the complaint as well as all inferences reasonably deducible therefrom, but not conclusions of law, are deemed admitted as true." Com. ex rel. Corbett v. Peoples Benefit Servs., Inc., 895 A.2d 683, 692 (Pa.Cmwlth. 2006) (citations omitted). The Court must then determine whether, "on the facts averred, the law says with certainty that no recovery is possible." Id. If there is any doubt as to whether a demurrer should be sustained, the doubt should be resolved in favor of denying the preliminary objection. Id.

Presently, the POM Defendants argue, among other things, that the BMM Plaintiffs cannot state a claim for a violation of the Dragonetti Act because they cannot show that the Underlying Action terminated in their favor. "Generally, when considering the question of 'favorable termination' in a wrongful use of civil proceedings case, whether a withdrawal or abandonment constitutes a favorable, final termination of the case against who the proceedings are brought initially depends on the circumstances under which the proceedings are withdrawn." D'Elia v. Folino, 933 A.2d 117, 122 (Pa. Super. Ct. 2007). The Pennsylvania Superior Court has previously stated that: "[a] last-second dismissal in the face of imminent defeat is not favorable"

3

to the party who brought the initial action. Majorsky v. Douglas, 58 A.3d 1250, 1269–70 (Pa. Super. Ct. 2012) (citations omitted). However, if the circumstances show that the voluntary withdrawal was not "tantamount to the unbidden abandonment of a claim brought in bad faith," then a Plaintiff cannot show that the Underlying Action was terminated in his favor. Id. at 1270. Finally:

> "[A plaintiff]'s [Dragonetti] cause of action d[oes] not accrue until such time as he successfully defeat[s] the [defendant] in his attempts to have the [plaintiff] held legally liable." This does not occur until the lawsuit is resolved in the trial court and "is final, meaning that [said resolution] has been upheld by the highest appellate court having jurisdiction over the case or that the [resolution] has not been appealed."

Clausi v. Stuck, 74 A.3d 242, 247 (Pa. Super. Ct. 2013) (internal citations omitted).

In the instant matter, the Defendants filed a Praecipe to Discontinue the Underlying Action without prejudice before they even filed a Complaint. Initially, there is a question as to whether the Underlying Action has been terminated at all, much less in favor of the BMM Plaintiffs. Specifically, the fact that the Underlying Action was discontinued without prejudice means that the POM Defendants could reinstate the action against the BMM Plaintiffs at any time.[1] As such, the Underlying Action has not been finally terminated, and the BMM Plaintiffs cannot state a claim for violation of the Dragonetti Act.

---

[1] The POM Defendants averred that they discontinued the Underlying Action in Dauphin County and then filed an action against the BMM Plaintiffs in the United States District Court for the Middle District of Pennsylvania, which is still pending. However, since these are Preliminary Objections to the Complaint, we may only examine the well-pleaded factual averments in Plaintiffs' Complaint as to whether Plaintiffs can state a cause of action for violation of the Dragonetti Act and not at any evidence outside the Complaint. See Hess v. Fox Rothschild, LLP, 925 A.2d 798, 805 (Pa. Super. Ct. 2007) ("Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.")

Even if a Praecipe to Discontinue without prejudice did constitute a final termination, there is still a question of whether the action terminated in favor of the BMM Plaintiffs. The only filings in this case are the Praecipe for Writ of Summons filed by the POM Defendants, a Rule to File a Complaint filed by the BMM Plaintiffs, and a Praecipe to Discontinue Without Prejudice filed by the POM Defendants.[2] The POM Defendants never even filed a Complaint. With so few filings and no Complaint, the Praecipe to Discontinue that was filed by the POM Defendants cannot constitute a "last-second dismissal in the face of imminent defeat." Therefore, under these circumstances, we do not believe that the Underlying Action was terminated in the BMM Plaintiffs' favor, and they cannot state a claim for violation of the Dragonetti Act.

Regardless of the above, the POM Defendants argue that the BMM Plaintiffs cannot maintain a civil action under the Dragonetti Act because the Underlying Action did not contain any claims because no Complaint was ever filed. The BMM Plaintiffs argue that the Dragonetti Act creates a cause of action when a party initiates a lawsuit without probable cause. They reason that, since a lawsuit can be initiated by either a Writ of Summons or a Complaint, a Writ of Summons constitutes the initiation of a lawsuit under the Dragonetti Act.

In order to state a claim for violation of the Dragonetti Act, a Plaintiff must show that the Defendant took part in the procurement, initiation or continuation of civil proceedings without probable cause. Probable cause is defined as follows:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts

---

[2] There is also a Preacipe for Judgment *non pros* on the docket, but this was filed after the Underlying Action was marked as discontinued.

> upon which the claim is based, and either: (1) reasonably believes that under those facts the claim may be valid under the existing or developing law; (2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or (3) believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa.C.S.A. § 8352.

In the instant matter, it would be impossible to tell if the POM Defendants had probable cause for initiating the Underlying Action against the BMM Plaintiffs because no claims were ever alleged. No Complaint was ever filed, and no causes of action were ever asserted. The plain language of the statute seems to require that there be a claim before a violation of the Dragonetti Act can be maintained. Since the POM Defendants did not make any claims against the BMM Plaintiffs in the Underlying Action, the BMM Plaintiffs cannot state a claim upon which relief can be granted for violation of the Dragonetti Act.

Although they acknowledge that the POM Defendants did not assert any claims in the Underlying Action, Plaintiffs argue that no lawsuit can ever be filed against them by the POM Defendants because Plaintiffs are immune from civil liability pursuant to the witness immunity doctrine due to their status as expert witnesses retained by the Commonwealth of Pennsylvania. However, a review of the witness immunity doctrine shows that this is incorrect.

The witness immunity doctrine essentially states as follows:

> It is imperative that an expert witness not be subjected to litigation because the party who retained the expert is dissatisfied with the substance of the opinion rendered by the expert. An expert witness must be able to articulate the basis for his or her opinion without fear that a verdict unfavorable to the client will result in litigation, even where the party who has retained the

6

expert contends that the expert's opinion was not fully explained prior to trial.

LLMD of Michigan, Inc. v. Jackson-Cross Co., 559 Pa. 297, 306, 740 A.2d 186, 191 (1999). The two-fold policy of the witness immunity doctrine is: "to ensure that the path to the truth is left as free and unobstructed as possible and to protect the judicial process." Id. However, the Pennsylvania Supreme Court refused to extend the witness immunity doctrine to professional negligence actions against an expert witness when the allegations of negligence were not based on the substance of the expert's opinion. Id. In deciding this, the Pennsylvania Supreme Court stated:

> The goal of ensuring that the path to truth is unobstructed and the judicial process is protected, by fostering an atmosphere where the expert witness will be forthright and candid in stating his or her opinion, is not advanced by immunizing an expert witness from his or her negligence in formulating that opinion. The judicial process will be enhanced only by requiring that an expert witness render services to the degree of care, skill and proficiency commonly exercised by the ordinarily skillful, careful and prudent members of their profession.

Id. at 306-07, 740 A.2d at 191.

Based on the decision in LLMD, there are situations where a party can sue an expert witness who provided an expert opinion as long as the suit is not based on the substance of the expert's opinion. Therefore, in the instant matter, there are situations where the POM Defendants could allege claims against the BMM Plaintiffs without running afoul of the witness immunity doctrine. The BMM Plaintiffs do not enjoy a blanket immunity from any and all suits simply because they testified against the POM Defendants. As a result, we cannot determine that the Underlying Action was brought without probable cause simply because it was filed by the POM Defendants against the BMM Plaintiffs. Rather, we would have to examine the claims made by the POM Defendants to determine if the witness immunity doctrine would apply to bar the same.

7

Since no claims were asserted in the Underlying Action, we cannot do this, and the BMM Plaintiffs cannot state a claim for violation of the Dragonetti Act.

For the foregoing reasons, we enter the following Order:

BMM TEST LABS; TRAVIS FOLEY; and    : IN THE COURT OF COMMON PLEAS,
PETER NIKIPER,    : DAUPHIN COUNTY, PENNSYLVANIA
    :
      **Plaintiffs**    :
    :
    v.    : NO. 2023-CV-01713
    :
PACE-O-MATIC, INC. and POM OF    :
PENNSYLVANIA, LLC,    :
    :
      Defendants    : CIVIL ACTION - LAW

## ORDER

**AND NOW**, this ___18___ day of ___September___, 2023, upon consideration of

Defendants' Preliminary Objections to Plaintiffs' Complaint and Plaintiffs' response thereto, and

having heard oral argument on August 21, 2023, it is hereby ORDERED as follows:

For the reasons set forth in the attached Memorandum Opinion, Defendants'

Objections are hereby GRANTED. Plaintiffs' Complaint against Defendants is hereby

DISMISSED in its entirety with prejudice.

**SEP   8 2023**

I hereby certify that the foregoing is a
true and correct copy of the original
filed.

_Matthew R Krupp_
Prothonotary

BY THE COURT:

_____

Andrew H. Dowling, J.

Distribution:
The Hon. Andrew H. Dowling
Sara Shaffer, Deputy Court Administrator
William P. Rubley, Esq., COOPER LEVENSON, PA, 1415 Marlton Pike (Route 70) East,
    Cherry Hill Plaza, Suite 205, Cherry Hill, NJ 08034
Matthew H. Haverstick, Esq., Joshua J. Voss, Esq., & Shohin H. Vance, Esq., KLEINBARD,
    LLC, Three Logan Square, 1717 Arch Street, 5th Floor, Philadelphia, PA 19103